UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | Date | October 19, 2023 |
|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [12]

Before the Court is Plaintiff Shawn Wyatt's motion for remand. ECF No. 12. For the reasons below, the motion is GRANTED.

## I.     Factual and Procedural Background

Plaintiff Shawn Wyatt ("Plaintiff") filed a complaint in Superior Court of the State of California, Ventura County, on June 2, 2023. Notice of Removal, Ex. A (Compl.), ECF No. 1-1. Defendant Mercedes-Benz USA, LLC ("Defendant") removed this action to federal court on August 7, 2023. Notice of Removal, ECF No. 1. Plaintiff filed a motion for remand on August 31, 2023. Defendant opposes this motion. ECF No. 14.

In his complaint, Plaintiff alleges that he purchased a 2020 Mercedes-Bens GLE ("Vehicle"), manufactured and/or distributed by Defendant, with corresponding Vehicle Identification Number 4JGFB4KE5LA069362. Notice of Removal, Ex. A (Compl.) 2, ECF No. 1-1. Plaintiff purchased the Vehicle for $67,984.35. *Id.* at 2. Plaintiff alleges that the Vehicle developed a number of defects during the period covered by the Vehicle's express warranty, e.g., defective body system, defective air conditioning system, defective electrical system, defective braking system, etc. *Id.* at 3. Plaintiff alleges

:

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | | Date | October 19, 2023 |
|---|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | | |

that he provided Defendant with sufficient opportunity to service or repair the Vehicle, but that they were unable to do so or failed to do so. *Id.* Plaintiff therefore filed suit, alleging violations of § 1793.2(d), § 1793.2(b), § 1793.2(a)(3), § 1791.2(a), § 1794, and § 1791.1 of the California Civil Code. These sections are provisions of California's Lemon Law (the Song-Berverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq.).

## II.    Legal Standards

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, No. 21-cv-01112-BAS-BGS, 2021 U.S. Dist. LEXIS 185773, *3 (S.D. Cal. Sept. 28, 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may only hear cases as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3; 28 U.S.C. § 1332(a) (a)(1). "'The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko*, 2021 U.S. Dist. LEXIS 185773 at *3–4 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, No. EDCV 19-967 PSG (RAOx), 2020 U.S. Dist. LEXIS 51882, *3 (C.D. Cal. Mar. 24, 2020). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

|  |  | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | Date | October 19, 2023 |
|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | |

**A.  Complete Diversity of Citizenship is Present in This Case**

The parties do not dispute Defendant's citizenship. Defendant is "a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California . . . ." Def.'s Opp. to Pl.'s Mot. to Remand 8. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). Defendant's only member is Mercedes-Benz North America Corporation ("MBNAC"). MBNAC is a corporation "organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan." Def.'s Opp. to Pl.'s Mot. to Remand 8. For diversity purposes, a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Putting this all together, Defendant (an LLC) is a citizen of the states in which its sole member MBNAC (a corporation) is a citizen. MBNAC is incorporated in Delaware with its principal place of business in Michigan; MBNAC is a citizen of Delaware and Michigan, and therefore, so is Defendant.

Plaintiff alleges that Defendant failed to carry its burden to demonstrate that Plaintiff is a citizen of California. Pl.'s Mot. for Remand 5 7. Crucially, Plaintiff does not dispute that he is a citizen of California; he merely alleges that Defendant has not carried their burden to establish this fact. Absent a genuine dispute from Plaintiff, all that Defendant must do at this stage is allege that diversity of citizenship exists. *See Ayala v. Ford Motor Co.*, No. 20-cv-02383-BAS-KSC, 2021 U.S. Dist. LEXIS 120298, *5 (S.D. Cal. June 28, 2021) ("[T]o remove to federal court, Ford merely had to affirmatively allege that diversity of citizenship exists. . . . If Plaintiff contests the truth of the allegation, then Ford may be required to provide more evidence. . . . Plaintiff, however, is only asserting that Ford did not meet the pleading requirement. . . . Plaintiff never asserted that he is not in fact a California citizen. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists." (citations omitted)); *Nieratko*, 2021 U.S. Dist. LEXIS 185773, *5 6 ("Plaintiffs are only asserting that Ford did not meet the pleading requirement. . . . Plaintiffs never asserted they are not in fact California citizens. Therefore, Ford only had to meet the initial requirement and simply allege diversity exists." (citation omitted)). Defendant has

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | | Date | October 19, 2023 |
|---|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | | |

alleged that Plaintiff is a citizen of California. Def.'s Opp. to Pl.'s Mot. to Remand 9–10. Therefore, Defendant has adequately alleged complete diversity of citizenship.

Plaintiff's reliance on *Metropoulos v. BMW of N. Am.*, No. CV 17-982 PA (ASx), 2017 U.S. Dist. LEXIS 19384 (C.D. Cal. Feb. 9, 2017) is misplaced. Since that case, the Ninth Circuit has held that "allegations of jurisdictional fact need not be proven [at the pleading stage] unless challenged." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223 (9th Cir. 2019) (noting that facial challenges to the truth of the removing party's allegations accept the truth of such allegations but assert that they are insufficient on their face). *See also McGill v. FCA US, LLC*, No. 2:21-cv-00093-MCE-JDP, 2021 U.S. Dist. LEXIS 238232, *15 n.8 (observing that *Metropolous* does not carry much weight after *Ehrman*).

## B. Amount in Controversy

The Complaint does not specify the amount in controversy; it merely includes a general statement that "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $25,000." Notice of Removal, Ex. A (Compl.) 2, ECF No. 1-1. For this reason, the Court must determine if Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garrett v. Mercedes-Benz USA, LLC*, No. EDCV 23-223 JGB (SPx), 2023 U.S. Dist. LEXIS 61312, *5 (C.D. Cal. Apr. 6, 2023) (citing *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020)).

### i.    Actual Damages are Unclear

"Actual damages under the Song-Beverly Act are the 'amount equal to the actual price paid or payable by the buyer,' less the reduction in value 'directly attributable to use by the buyer.'" *Casillas v. Nissan N. Am., Inc.*, No. 8:22-cv-02013-DOC-JDE, 2023 U.S. Dist. LEXIS 50796, * (C.D. Cal. Mar. 23, 2023) (quoting Cal. Civ. Code § 1792(d)(2)(B)-(C)). Neither party has provided sufficient information for the Court to use the formula included in the Song-Beverly Act to apply the Act's reduction. That formula

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | | Date | October 19, 2023 |
|---|---|---|---|---|

| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* |
|---|---|

multiplies the actual price of the new vehicle paid or payable by the buyer by a fraction composed of a denominator of 120,000 and a numerator of the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle for repair. *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 U.S. Dist. LEXIS 192386, \*7 (E.D. Cal. Oct. 20, 2022).

Defendant has not demonstrated a reliable number for the Court to use to estimate actual damages. By way of fixing a damages amount, Defendant has offered a Kelly Bluebook valuation of $33,911.00 for a similarly situated vehicle. Def.'s Opp. to Pl.'s Mot. for Remand 7. But "the KBB value is the *current* value of a *used* vehicle, not the value of the *defective but new* vehicle [at the time of purchase]." *Chung v. FCA*, No. 2:21-cv-04577-AB-MAA, 2021 U.S. Dist. LEXIS 180133, \*6–7 (C.D. Cal. Sept. 20, 2021) (emphasis original); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 U.S. Dist. LEXIS 188263, \*14 (N.D. Cal. Oct. 14, 2022) ("[T]he Court is left to guess how exactly the KBB estimate is representative of potential actual damages associated with rescission, replacement, diminution in value, or reimbursement."). Additionally, Defendant has not provided a mileage offset estimate. Other courts have held that they "could not estimate total actual damages where a defendant failed to calculate a mileage offset." *Perkins*, 2022 U.S. Dist. LEXIS 188263, \*16.

ii.      **There Are Insufficient Facts for the Court to Consider Civil Penalties in Determining the Amount in Controversy**

District courts agree that civil penalties may be considered when determining the amount in controversy in actions under the Song-Berverly Act. *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, \*3 (C.D. Cal. Mar. 24, 2020) ("When a claim is asserted under the Song-Beverly Act, a court may consider actual damages and civil penalties under the Song-Beverly Act in determining the amount in controversy."). However, they are split in how they apply this principle to actual cases.

Some district courts have considered these penalties in meeting the amount in controversy. *See e.g., Nieratko*, 2021 U.S. Dist. LEXIS 185773 at \*8–9 (including civil penalties in amount in controversy); *Gonzalez*, 2020 U.S. Dist. LEXIS 51882, at \*8–9 (same); *Ayala*, 2021 U.S. Dist. LEXIS 120298, at \*10

|   |   |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | | Date | October 19, 2023 |
|---|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | | |

(same); *Modiano v. BMW of N. Am. LLC*, No. 21-cv-00040-DMS-MDD, 2021 U.S. Dist. LEXIS 49293, at *8 9 (S.D. Cal. Mar. 16, 2021) (same).

However, other courts have been more reluctant to do so. They note that "a Song-Beverly Act plaintiff's mere allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy." *Vega v. Ford Motor Co.*, No. 2:22-cv-01392-FLA (PDx), 2023 U.S. Dist. LEXIS 140798, *5 (C.D. Cal. Aug. 11, 2023); *see also Estrada v. FC US LLC*, No. 2:20-cv-104530PA (JPRx), 2021 U.S. Dist. LEXIS 12394, *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish amount in controversy was too speculative and not adequately supported by the facts and evidence). "Here, Defendant offers no argument or evidence supporting the potential awarding of civil penalties beyond pointing to Plaintiff['s] speculative and boilerplate allegations regarding willfulness." *Vega*, 2023 U.S. Dist. LEXIS 140798, at *5. The Court adopts the latter approach and finds that neither Plaintiff nor Defendant has alleged sufficient information for the Court to consider civil penalties in the amount in controversy.

### iii.  Attorneys' Fees Are Similarly Unclear

Defendant has pointed to several cases suggesting that awards of attorneys' fees in Lemon Law cases can, in and of themselves, clear $75,000.00. But "[p]revailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in Song-Beverly Act claims must assume that the upper extreme of attorney[s'] fee awards granted in other Song-Beverly Act cases must be included in the amount in controversy. If this were the law, district courts would be unable to remand Song-Beverly Act cases for insufficient amounts in controversy. District courts, however, regularly do so." *Vega*, 2023 U.S. Dist. LEXIS 140798 at *7 8. "Given that the removal statute is construed strictly and all doubts are resolved in favor of remand, the [C]ourt finds Defendant has failed to submit evidence substantiating any specific amount of attorney[s'] fees in controversy." *Id.* at *8.

|  |  | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-06422-SVW-MRW | | Date | October 19, 2023 |
|---|---|---|---|---|
| Title | *Shawn Wyatt v. Mercedes-Benz USA, LLC* | | | |

### III.    Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand.

IT IS SO ORDERED.

:

| | |
|---|---|
| Initials of Preparer | PMC |